**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Bassford, | No. CV-19-03062-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| National Contractor Services Corporation, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's "motion for reconsideration" which the Court deems to be a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 11). Plaintiff seeks relief from this Court's order and judgment of June 27, 2019 dismissing this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a Court order; specifically, Plaintiff failed to timely return the service packets as required by this Court's order of May 15, 2019 (Doc. 7).

In Plaintiff's pending motion, Plaintiff claims that he did not attend the hearing, wherein he was required to show cause why this case should not be dismissed, because he did not receive the order setting the hearing prior to the hearing. (Doc. 11). Plaintiff claims his mail is "delayed" 5 to 7 days because he has a confidential address. (*Id*.). The Court provided six days' notice of the hearing, which Plaintiff claims was inadequate for him to actually receive notice. Accepting Plaintiff's allegations as true, he would have received notice of the hearing no later than June 29, 2019. (Doc. 11). Yet, Plaintiff took no action as a result of missing the hearing once he received notice until after he received the

judgment that his case had been dismissed. This is further evidence of Plaintiff's cavalier attitude towards this Court's orders.

Regardless of whether Plaintiff has provided reasons which would be good cause for missing the hearing, Plaintiff still has not shown cause why this case should not be dismissed for failing to return the service packets as required by the May 15, 2019 order. Specifically, in his motion for reconsideration, Plaintiff claims he believed he was required to return the service packets to the Marshals. (Doc. 11). However, Plaintiff does not claim he actually sent the service packets to the Marshals. Thus, again, taking Plaintiff's allegations as true, he failed to comply with his own interpretation of the Court's order.

Moreover, the Order is very clear. It states, "Plaintiff must complete and return the service packet to the Clerk of Court within 30 days of the date of filing of this Order." (Doc. 7 at 2). The Court does not find Plaintiff's claim that he believed this meant he was to return the service packets to the Marshals (at an undisclosed location) to be plausible. Thus, even if Plaintiff had attended the June 27, 2019 hearing and told the Court what he has now presented by way of motion, the Court would not have found cause for Plaintiff's failure to timely return the service packets.[1]

Thus, based on the foregoing,

**IT IS ORDERED** that the motion for reconsideration (Doc. 11) is denied.

Dated this 17th day of July, 2019.

*[signature]*
James A. Teilborg
Senior United States District Judge

---

[1] The Court discussed the *Henderson* factors on the record at the hearing and nothing in Plaintiff's motion changes the Court's analysis. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

- 2 -